**Jose Luis MACIAS–DE LEON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 02–71555.
Agency No. A72–915–196.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Lea Greenberger, Encino, CA, for Petitioner.

CAC-District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, San Francisco, CA,

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marion E. Guyton, Washington, DC, for Respondent.

Before HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM \*\*

Jose Luis Macias-de Leon, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's order denying his application for cancellation of removal on the ground that his United States citizen children would not suffer exceptional and extremely unusual hardship if he were removed to Mexico. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo constitutional claims arising out of removal proceedings, *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002), and we deny the petition for review.

Macias-de Leon's contention that the BIA denied him due process by applying a new standard for "exceptional and extremely unusual hardship" does not raise a colorable due process challenge. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity").

Macias-de Leon's contention that the term "exceptional and extremely unusual hardship" is ambiguous, and the BIA's decision is contrary to the plain language and meaning of the statute is unpersuasive. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1006–07 (9th Cir.2003) (the statutory language gives the BIA broad authority to

---

define "exceptional and extremely unusual hardship").

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.